IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Juan Ahmad Mays,** | Case No. 1:23cv01357 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Warrensville Social Security,** | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

*Pro se* plaintiff Juan Ahmad Mays filed this *in forma pauperis* action against "Warrensville Social Security." (Doc. No. 1). For the following reasons, the Court dismisses this action.

## I. Background

Plaintiff's complaint concerns Social Security benefits. He claims that the defendant "illegally stopped [his] social security benefits." Plaintiff appears to state that an employee of the Lorain Social Security office advised Plaintiff that because Plaintiff's address is in the district of Shaker Heights, the Warrensville Heights office "violated social security rules." Plaintiff also appears to request evidence contained in the social security database that was previously provided "during a determination process that took place {circa 2022}." (Doc. No. 1).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594,

30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III. Law and Analysis

It appears that Plaintiff is seeking to challenge a decision of the Social Security Administration regarding a benefits determination. To that extent, the Court lacks jurisdiction.

Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security,

made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir.1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327–29 (1976)). Exhaustion consists of a four-step administrative process in the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). When a litigant has completed these four steps, the agency "will have made [its] final decision" and plaintiff "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F.Supp.2d 770, 773 (N.D. Ohio 2002).

Here, none of these requirements is evident on the face of Plaintiff's pleadings. There is no indication that Plaintiff availed himself of the four-step administrative review process before filing this complaint in federal court. Nor does he allege facts suggesting there has been a final decision by the Commissioner after a hearing. He simply alleges in a conclusory fashion that the Social Security office "illegally stopped [his] social security benefits" and that there has been a "determination process." In the absence of exhaustion of the administrative review process and a final decision by the Commissioner, this Court is without jurisdiction to hear Plaintiff's complaint. The Court therefore dismisses Plaintiff's complaint.

## IV. Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint (Doc. No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's motion for discovery (Doc. No. 3) is denied as moot. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 11/7/2023

        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE